## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 11 2017, 8:06 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Derick W. Steele
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Joshua K. Wasson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 11, 2017

Court of Appeals Case No.
34A02-1701-CR-79

Appeal from the Howard Superior Court

The Honorable William C. Menges, Jr., Judge

Trial Court Cause No.
34D01-1607-F6-656

**Bradford, Judge.**

# Case Summary

[1] Appellant-Defendant Joshua K. Wasson appeals his convictions for two counts of Level 6 felony failure to appear, contending that Appellee-Plaintiff the State of Indiana ("the State") failed to produce sufficient evidence to sustain his convictions. Specifically, Wasson claims that the State failed to prove that he intentionally failed to appear because Wasson produced evidence that he allegedly overslept the day of the hearing. Due to the ample evidence that Wasson had actual notice of the date and time of the hearing and the fact that there were no extenuating circumstances that prevented his attendance, we affirm.

# Facts and Procedural History

[2] On March 8, 2016, Wasson, by counsel, filed a plea bargain recommendation with the trial court for charges under two cause numbers.[1] Wasson also moved for release on his own recognizance. Following a bond hearing on May 25, 2016, Wasson was released on his own recognizance and ordered to report immediately to the probation department. Also on that date, Wasson, by counsel, filed another plea bargain recommendation for both causes, and the

---

[1] We do not include the cause numbers for the original crimes as they do not impact the outcome of this appeal.

trial court set a date on the plea recommendation for June 22, 2016, at 1:30 p.m.

[3] On June 22, 2016, Wasson failed to appear at 1:30 p.m. for the plea and sentencing hearing that was set to be held. The trial court subsequently issued a warrant for Wasson's arrest. Wasson was arrested on this warrant on August 21, 2016.

[4] On July 11, 2016, the State charged Wasson in the present cause with two counts of Level 6 felony failure to appear. A jury trial was held in this cause on October 31, 2016. At the conclusion of the trial, the jury found Wasson guilty on both counts of Level 6 felony failure to appear.

[5] The trial court sentenced Wasson in the first count to 913 days, with 365 days executed in home detention and 548 days suspended to supervised probation. On the second count, the trial court sentenced Wasson to 913 days, all suspended to supervised probation. The sentences were ordered to be served consecutively. This appeal follows.

# Discussion and Decision

[6] In challenging his convictions for Level 6 felony failure to appear, Wasson asserts that the State presented insufficient evidence to prove that he intentionally failed to appear for his hearing. Our standard for reviewing sufficiency of the evidence claims is well-settled. *Tobar v. State*, 740 N.E.2d 109, 111 (Ind. 2000).

In reviewing the sufficiency of the evidence, we examine only the probative evidence and reasonable inferences that support the verdict. We do not assess witness credibility, nor do we reweigh the evidence to determine if it was sufficient to support a conviction. Under our appellate system, those roles are reserved for the finder of fact. Instead, we consider only the evidence most favorable to the trial court ruling and affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. This evidence need not overcome every reasonable hypothesis of innocence; it is sufficient so long as an inference may reasonably be drawn from it to support the verdict.

*Lock v. State*, 971 N.E.2d 71, 74 (Ind. 2012) (internal citations and quotations omitted). The trier of fact is responsible for resolving conflicts of testimony, determining the weight of the evidence, and evaluating the credibility of the witnesses. *Jones v. State*, 701 N.E.2d 863, 867 (Ind. Ct. App. 1998).

[7] Under Indiana Code section 35-44.1-2-9(a),

[a] person who, having been released from lawful detention on condition that the person appear at a specified time and place in connection with a charge of a crime, intentionally fails to appear at that time and place commits failure to appear, a Class A misdemeanor. However, the offense is a Level 6 felony if the charge was a felony charge.

The purpose of the failure to appear statute is to "thwart the intentional frustration of the administration of criminal justice." *Abdul-Musawwir v. State*, 483 N.E.2d 464, 466 (Ind. Ct. App. 1985). Moreover, "in the

absence of extenuating circumstances or lack of adequate notice, intent not to appear may be presumed." *Id*.

[8] After reviewing the record, we believe the evidence most favorable to the jury's verdict is more than sufficient to sustain the jury's verdict. Wasson is only challenging the sufficiency of the evidence regarding his *intentional* failure to appear. There is no dispute that Wasson had actual knowledge that he was to appear for a hearing on June 22, 2016 at 1:30 p.m. There is evidence that Wasson's trial counsel advised Wasson of the date and time of the hearing and the consequences for not appearing. Further, there is evidence that Wasson's probation officer informed him of the date and time, and Wasson confirmed to her that he was aware of such information. The fact that Wasson may or may not have overslept on the day of the hearing does not excuse the fact that he failed to appear. Moreover, the jury was not obligated to give any credit to Wasson's evidence and his claim that he merely overslept. Wasson had adequate notice and there is no evidence that he was encumbered by any extenuating circumstances. *See Abdul-Musawwir*, 483 N.E.2d 464 (upholding conviction where defendant failed to appear at his trial scheduled for 9:30 a.m., but arrived several hours later claiming he was confused as to the time of his trial and had been influenced by intoxicants).

[9] We affirm the judgment of the trial court.

Najam, J., and Riley, J., concur.